William J. CANFIELD, d/b/a The Enterprise, Plaintiff-Appellant,

v.

The PONCHATOULA TIMES, Bryan T. McMahon, Defendants-Appellees.

No. 84–3431.

United States Court of Appeals, Fifth Circuit.

May 6, 1985.

Singerman, Cosentino, Toups & Troyer, James R. Hashek, New Orleans, La., for plaintiff-appellant.

Thomas B. Waterman, Ponchatoula, La., for defendants-appellees.

Before CLARK, Chief Judge, GARWOOD, and JOLLY, Circuit Judges.

CLARK, Chief Judge:

This appeal involves a claim of copyright infringement for the reprinting of a newspaper advertisement. *The Enterprise* complains that *The Ponchatoula Times (The Times)* violated its copyright in an advertisement when *The Times* reprinted the ad at the request of the advertiser. On cross-motions for summary judgment, the district court granted summary judgment to *The Times* holding, in part, that under the Copyright Act of 1976 a separate notice of copyright had to accompany this advertisement to preserve any claim of copyright. 17 U.S.C. § 404(a). We affirm the grant of summary judgment on this ground.

## I

The facts in this case are not in dispute. William Canfield publishes *The Enterprise;* Bryan McMahon edits *The Ponchatoula Times.* Both are weekly newspapers of Tangipahoa Parish, Louisiana. On March 2, 1983, *The Enterprise* published an advertisement for Community Motors, Inc., at the request of one of its salesmen, Frank Kraemer. Kraemer provided *The Enterprise* with the information to be advertised, chose the size of the ad, and posed for a photograph taken by *The Enterprise*.[1] In addition to photographing Kraemer, *The Enterprise* designed, composed, and printed the advertisement. *The Enterprise* did not inform Kraemer that it claimed any copyright interest in the advertisement.

Subsequently, Kraemer contacted *The Times* and requested that it run a similar advertisement. Kraemer gave *The Times* a copy of the advertisement which had run in *The Enterprise* and told *The Times* to use that format including the same photograph. *The Times* made only insignificant changes and published an almost identical advertisement on March 3, 1983.

On May 31, 1983, *The Enterprise* acquired a Certificate of Copyright Registration from the Register of Copyrights for the entire March 2, 1983 edition of *The Enterprise*. The copyright specifically includes all original photographs, which *The Enterprise* claims covers the photograph it took of Kraemer for the Community Motors advertisement.[2] A notice of copyright for the entire newspaper appeared under the masthead on the front page of *The Enterprise*. No separate copyright notice was affixed to the advertisement itself. *The Enterprise* claims the masthead notice was sufficient to protect its copyright in the advertisement within the newspaper.

On cross-motions for summary judgment, the district court held that absent a written agreement to the contrary, the advertiser, Frank Kraemer or Community Motors, owned the copyright on the advertisement as a work made for hire. Alternatively, the district court held that, if *The Enterprise* did own the copyright, specific notice was required on the advertisement itself to protect it from copyright infringement. Accordingly, the district court dismissed the suit and granted summary judgment for *The Times*. *The Enterprise* appeals from that judgment.

---

1. The advertisement announced that Frank Kraemer had joined the Community Motors staff, displayed a photograph of Kraemer, listed Community Motors' address, and indicated that a variety of automobiles were available.

2. In answer to questions at oral argument, the parties stated that only the photograph of Kraemer was copyrighted. However, in their briefs and throughout the record, the parties refer to copyright interests in both the whole advertisement and the single photograph. While our decision in this case is based on a copyright claim in the whole advertisement, our decision would be no different if only the photograph within the advertisement were involved.

Our decision in this case does not require us to reach the question of whether *The Enterprise* or the advertiser owns the copyright on this advertisement. Thus, we expressly pretermit issues arising under the work made for hire doctrine. We assume for purposes of this decision only that *The Enterprise* owned the copyright on the advertisement at issue, and find *The Enterprise* failed to provide sufficient notice to protect its rights. Consequently, because the advertisement was published without separate notice of a claim of copyright, it was available for reprinting by *The Times*. We affirm the grant of summary judgment below.

## II

The issue before us may be stated as whether a newspaper claiming copyright ownership in an advertisement it prepares for an advertiser must give specific notice of its copyright claim in the advertisement in addition to any copyright notice which purports to cover the newspaper as a whole. We hold a newspaper must give separate notice of copyright in such advertisements. Our research indicates this issue is one of first impression under the Copyright Act of 1976. 17 U.S.C. § 101, *et seq.*

## A

Under the Copyright Act, a collective work is defined as "a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." 17 U.S.C. § 101. Newspapers generally fall within this definition of a "collective work" because they are periodicals comprised of separate and independent works collected into a whole.

Notices of copyright in a newspaper and its contents are governed by 17 U.S.C. § 404. Section 404(a) provides:

A separate contribution to a collective work may bear its own notice of copyright, as provided by sections 401 through 403. However, a single notice applicable to the collective work as a whole is sufficient to satisfy the requirements of sections 401 through 403 with respect to the separate contributions it contains (*not including advertisements inserted on behalf of persons other than the owner of copyright in the collective work*), regardless of the ownership of copyright in the contributions and whether or not they have been previously published.

17 U.S.C. § 404(a) (emphasis added).

Section 404(a) provides that the individual contributions comprising a collective work may be protected under a single notice of copyright applicable to the collective work as a whole. However, such a single overall copyright notice does not affect the true ownership rights in each individual contribution. Individual copyrighted contributions may bear their own notice of copyright in addition to the notice affixed to the entire collective work.

Advertisements are different. The parenthetical phrase emphasized above expressly exempts advertisements from the general rules of section 404(a). Advertisements inserted in a collective work on behalf of persons other than the collective work copyright owner are not protected by a copyright notice applicable to the work as a whole.

This case falls precisely within the parameters of the advertising exception to section 404(a). This advertisement was inserted on behalf of Frank Kraemer and Community Motors, persons other than *The Enterprise,* the owner of copyright in the collective work. No specific copyright notice appeared directly on the advertisement itself. *The Enterprise* cannot protect its asserted copyright in the advertisement by relying on the general collective work notice of copyright printed on the front page of its newspaper under the masthead. The statutory language is clear; the general copyright notice in a newspaper, or other collective work, will not suffice as notice that ownership rights are asserted in advertisements published on behalf of per-

sons other than those named in the copyright notice.

The notes of the House Judiciary Committee which pertain to section 404(a) clearly reflect a congressional intent to exclude advertisements from the general rule that a single copyright notice in a collective work protects each contribution within:

> Collective works, notably newspapers and magazines, are major advertising media, and it is common for the same advertisement to be published in a number of different periodicals. The general copyright notice in a particular issue would not ordinarily protect the advertisements inserted in it, and relatively little advertising matter today is published with a separate copyright notice. The exception in section 404(a), under which separate notices would be required for most advertisements published in collective works, would impose no undue burdens on copyright owners and is justified by the special circumstances.

H.R.Rep. 94–1476, 94th Cong. 2d Sess. 146 (1976) (hereinafter cited as House Report), *reprinted in* 17 U.S.C.A. § 404, Historical Note at 331 (1977).

Thus, there is no doubt Congress intended to carve out a special exception for advertisements which would require that a separate copyright notice appear in the advertisement itself. The committee notes make clear that this exception was regarded as necessary because of the nature of advertisements which were regarded as a unique form of copyrightable material. Their uniqueness stems from the fact that advertisements are creations which are commonly published in more than one periodical and seldom display separate copyright notice. The committee notes recognize this as particularly true of advertisements published in major advertising media such as newspapers and magazines.

The language in the committee notes indicates Congress intended to adopt the presumption that advertisements, although copyrightable, are not generally copyrighted and often widely reprinted. Consequently, when an advertiser gives a publisher an advertisement which has been published previously in another publication and has no copyright notice affixed, it would be logical for the publisher to presume both that no copyright was claimed by the prior publisher and that reprinting of the advertisement verbatim would not infringe any right of the prior publisher. The proof shows these were the operative facts in this case. *The Times* was entitled to presume it could reprint the Community Motors advertisement for Community Motors without fear of copyright infringement.

### B

■ *The Enterprise* claims that because it owned the copyright in both the collective work and the advertisement it is an exception to the advertising exception in section 404(a). This argument is untenable. The statutory language indicates the exception applies to "advertisements inserted on behalf of persons other than the owner of the copyright in the collective work." The delineation is not based on who owns the copyright. It does not matter whether the publisher, advertiser, or another owns the copyright. Separate notice is required for any advertisement inserted on behalf of someone other than the collective work copyright owner.

*The Enterprise* also argues this advertisement should be treated as an individual contribution to a collective work printed without separate notice, and therefore, subject to section 404(b).[3] Under section 404(b), when a person who owns the copyright in an individual piece that lacks separate notice is not the person named in the notice applicable to the collective work, alleged copyright violations are resolved un-

---

**3.** Section 404(b) provides:
> Where the person named in a single notice applicable to a collective work as a whole is not the owner of copyright in a separate con-

tribution that does not bear its own notice, the case is governed by the provisions of section 406(a).
17 U.S.C. § 404(b).

der section 406(a).[4] That subsection defines rights in situations where the notice misstates the name of the copyright owner and places the burden on the alleged infringer to show he or she acted in good faith and was misled by the incorrect notice.

This argument is irrelevant. Because our decision assumes *The Enterprise* owned the copyright in both the collective work and the advertisement, there has been no misstatement of the true copyright owner to trigger the operation of section 404(b). In any event, the argument is without merit. *The Enterprise's* argument, that an advertisement should be treated as a contribution without notice, would make advertisements the equivalent of any other contribution to a collective work. However, the committee notes to section 404 make clear that Congress intended to sever advertisements from the rules governing other types of contributions to collective works, such as articles and literary or artistic creations. The interpretation urged by *The Enterprise* would render the advertising exception in section 404(a) meaningless. Congress could not have intended to create an exception for advertising only to negate it in the succeeding subsection. Although the advertising exception is not repeated in section 404(b), it is implicit therein.

### C

Because this advertisement is excepted from treatment under subsection 404(b), it is like any other work which lacks proper notice. Works that lack proper notice are governed by section 405.

The committee notes to section 405 indicate this section represents a major change in copyright law. House Report, *supra*, at 147, *reprinted in* 17 U.S.C.A. § 405, Historical Note at 337 (1977). Proper notice is integral to the general scheme of copyright

law. The first copyright statute, enacted in 1790, required the public be given formal notice of every copyrighted work. Since 1802, copyright laws have always provided that published copies of copyrighted works bear specified notice as a condition of protection. *Id.* at 143, *reprinted in* 17 U.S.C.A. § 401, Historical Note at 298 (1977). Prior to the revision of the copyright laws in 1976, omission of notice resulted in forfeiture of copyright protection. *See, e.g., Burke v. National Broadcasting Co., Inc.,* 598 F.2d 688, 691 (1st Cir.1979); *Greeff Fabrics, Inc. v. Malden Mills Industries,* 412 F.Supp. 160, 162–63 (S.D.N.Y.1976), *aff'd,* 556 F.2d 556 (2nd Cir.1977); *Bell v. Combined Registry Co.,* 397 F.Supp. 1241, 1248 (N.D.Ill.1975), *aff'd,* 536 F.2d 164 (7th Cir.1976). Congress enacted section 405(a) in "an effort to encourage use of a copyright notice without causing unfair and unjustifiable forfeitures on technical grounds." House Report, *supra*, at 147, *reprinted in* 17 U.S.C.A. § 405, Historical Note at 337 (1977). Thus, the fundamental principle underlying the notice provisions of the 1976 Copyright Act is an effort to encourage the giving of copyright notice while, at the same time, refusing to allow forfeiture for errors or omissions. *See id.* at 143, *reprinted in* 17 U.S.C.A. § 401, Historical Note at 298 (1977). In this way, Congress sought to ameliorate the harsh effects of former copyright law under which omission of notice was tantamount to passing the work into the public domain.

Under section 405(a), omission of copyright notice will not invalidate the copyright if:

(1) the notice has been omitted from no more than a relatively small number of copies or phonorecords distributed to the public; or

(2) registration for the work has been made before or is made within five years

---

**4.** Section 406(a) provides in part:

Where the person named in the copyright notice on copies or phonorecords publicly distributed by authority of the copyright owner is not the owner of copyright, the validity and ownership of the copyright are not affected. In such a case, however, any person who innocently begins an undertaking that infringes the copyright has a complete defense to any action for such infringement if such person proves that he or she was misled by the notice.

17 U.S.C. § 406(a).

after the publication without notice, and a reasonable effort is made to add notice to all copies or phonorecords that are distributed to the public in the United States after the omission has been discovered; or

(3) the notice has been omitted in violation of an express requirement in writing that, as a condition of the copyright owner's authorization of the public distribution of copies or phonorecords, they bear the prescribed notice.

17 U.S.C. § 405(a). If one of these three exceptions applies, the copyright is not invalidated, and the work is not released into the public domain. *See Shapiro and Son Bedspread Corp. v. Royal Mills*, 568 F.Supp. 972, 976 (S.D.N.Y.1983).

By creating these exceptions, Congress did not intend to diminish the use or essentiality of notice. Rather, section 405(a) was intended to induce notice. Subsection (a)(1) encourages notice because it is limited to situations in which a "relatively small number" of copies lack notice. Subsection (a)(2) encourages notice by requiring "a reasonable effort ... to add notice" once the omission is discovered. And subsection (a)(3) encourages notice by limiting relief to those situations in which a written agreement that prescribes notice has been violated; i.e., when failure of notice occurred through no fault of the copyright owner.

In addition to the notice inducements implicit in the exceptions in section 405(a), section 405(b) also serves to induce notice. Section 405(b) provides in part:

Any person who innocently infringes a copyright, in reliance upon an authorized copy ... from which the copyright notice has been omitted, incurs no liability for actual or statutory damages under section 504 for any infringing acts committed before receiving actual notice that registration for the work has been made under section 408, if such person proves that he or she was misled by the omission of notice.

17 U.S.C. § 405(b).

Again, the committee notes illuminate the congressional intent which we are bound to effect. The note related to subsection 405(b) states: "In addition to the possibility that copyright protection will be forfeited under section 405(a)(2) if the notice is omitted, a second major inducement to use of the notice is found in subsection (b) of section 405." House Report, *supra*, at 148, *reprinted in* 17 U.S.C.A. § 405, Historical Note at 338 (1977). This note tells us two things: first, that a copyright can be forfeited under section 405(a) when the claimed copyright owner fails to comply with any exception listed; and second, that subsections (a) and (b) of section 405 are to be read as inducements to the use of notice.

When these two subsections are read together, as they must be to fully implement congressional intent to encourage notice, the following scenario appears. If notice is omitted from a copyrightable work, statutory protection is still accorded if the work falls within one of the exceptions listed in subsection 405(a). For example, under (a)(2), a work published without any copyright notice will still be subject to statutory protection for five years, provided "a reasonable effort is made to add notice ... after the omission has been discovered." If the omission of notice is not cured under (a)(2), or otherwise excepted under subsections 405(a)(1) or (3), the asserted copyright is lost as to unnoticed works, and those works may be published without danger of infringement, as if they were within the public domain.

However, when a work qualifies under one of the 405(a) exceptions, the work is fully protected under copyright laws. Because such works are protected, it would be possible for a republisher to infringe the copyright, even though the work lacked notice. To avoid this inequitable situation, section 405(b) removes liability for statutory and actual damages from innocent infringers who are misled by the lack of notice. A publisher who reprints an unnoticed work which falls within one of the 405(a) exceptions has the burden, under

section 405(b), of proving good faith. But, the good faith requirement raised by section 405(b) is triggered only in cases where a section 405(a) exception applies.

While protecting innocent infringers from liability for damages, the committee notes indicate section 405(b) also operates to encourage notice. Notice is encouraged under section 405(b) both because it operates in conjunction with section 405(a) to initially require an effort to give notice to protect copyright interests against errors and omissions, and because it precludes protection when a good faith infringer can show reliance on lack of notice.

If 405(a) were not read as a precursor to 405(b), a copyright owner could force any republisher to prove a good faith reliance on the absence of notice upon the publishing of an unnoticed work. Affording this protection to all unnoticed work could discourage notice and thereby frustrate congressional intent. A copyright owner would have little incentive to cure a defective notice, nor would be have as great an incentive to give notice, if he could always invoke section 405(b)'s good faith requirement against alleged infringers of unnoticed work.

### D

■ The difficulty The Enterprise faces here is that the proof submitted for summary judgment fails to show it qualifies under any of the 405(a) exceptions. The Enterprise fails to meet the first section 405(a) exception because the required notice did not appear on any of the 2,315 copies distributed to the public. Subsection (a)(3) is not applicable because no written agreement existed regarding publication. Subsection (a)(2) is the only exception which could have applied to this case. The Enterprise registered the entire edition of the newspaper within 5 years as provided by subsection (a)(2). As previously indicated, the undisputed proof offered in the record shows no notice was affixed to the advertisement at issue. The Enterprise has failed to show that, after discovering the omission, it made any effort to add the required notice to copies of the advertisement distributed to the public.

What is considered a "reasonable effort" under section 405(a)(2) will vary from case to case. See, e.g., Shapiro & Son Bedspread Corp. v. Royal Mills, 568 F.Supp. 972 (S.D.N.Y.1983); Gemveto Jewelry Co. v. Jeff Cooper, Inc., 568 F.Supp. 319 (S.D.N.Y.1983); Beacon Looms, Inc. v. S. Lichtenberg & Co., 552 F.Supp. 1305 (S.D.N.Y. 1982). Of course, we make no finding as to reasonableness in the summary judgment posture of this case. We merely point out that the record submitted on cross-motions for summary judgment is devoid of proof that any attempt whatsoever was made to add notice. The Enterprise's failure to allege or prove it made any attempt to add notice prevents it from qualifying under (a)(2). See Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 827 (11th Cir.1982). Because The Enterprise does not meet any of the section 405(a) exceptions, it lost any copyright protection in the advertisement. The Times was then free to republish the unnoticed advertisement as an uncopyrighted work. Because there was no valid copyright, The Enterprise may not invoke the good faith requirement of section 405(b), and The Times need not prove it acted in good faith, nor that it was misled by the omission.

In any event, we find no genuine issue of material fact exists as to whether The Times was misled and acted in good faith. The undisputed affidavit of Terrance McMahon, an employee of The Ponchatoula Times, states merely that Kraemer called him to Community Motors and advised him that he wished The Times to run an advertisement which Kraemer had run previously in The Enterprise. Although McMahon was aware the advertisement had been published in The Enterprise, there was no notice of copyright in the advertisement and no reason for him to suspect he could not reprint it at the advertiser's request. Frank Kraemer's affidavit,

also undisputed, states that he gave *The Enterprise* the information to be contained in the advertisement, fixed its size and had his picture taken by the paper's photographer. He avers that *The Enterprise* never mentioned any claim of copyright in the advertisement and that he was under the impression he had a right to reproduce the advertisement in any other publication of his choice.

In summary, we find the language of section 404(a) clear. That language and the reasoning explained in the accompanying committee notes are determinative of this appeal. Advertisements are clearly an exception to the general copyright scheme under which a general notice operates to protect individual contributions to a collective work. The advertisement exception of section 404(a) disqualifies the general notice on the front page of *The Enterprise* from covering the advertisement in question here and from protecting whatever ownership interests *The Enterprise* might have in the advertisement. An advertisement inserted on behalf of another, as a contribution to a collective work, must bear separate notice, even when the owner of the copyrighted advertisement also owns the copyright in the collective work. Unless such separate notice appears in the advertisement, it will be treated as if published without notice, and rights will be resolved under section 405. We emphasize again that we do not decide who owns the copyright on this particular advertisement. We hold only that if *The Enterprise* owned the copyright in this advertisement inserted on behalf of Community Motors, it lost the statutory protection provided for copyrighted property by failing to give notice or to qualify under the section 405(a) exceptions. Thus, *The Times* was free to republish the advertisement as an uncopyrighted work within the public domain.

The grant of summary judgment dismissing the case against *The Ponchatoula Times* is

**AFFIRMED.**