Mike LONG, Plaintiff,

v.

**CMD FOODS, INC., Ben E. Keith Company of Arkansas, d/b/a CMD–Keith Company, Ben E. Keith Company and Dick Garland, Defendants.**

**No. LR–C–86–507.**

United States District Court,
E.D. Arkansas, W.D.

April 30, 1987.

Richard L. Mays, Mays & Crutcher, P.A., Little Rock, Ark., for plaintiff.

Frederick S. Wetzel, III, Skokos, Simpson, Graham & Rainwater, Little Rock, for CMD Foods, Inc. and Dick Garland.

James E. Bradley, Felsman, Bradley, Gunter & Kelly, Fort Worth, Tex., Charles E. Smith, House, Wallace, Nelson & Jewell, Little Rock, Ark., for Ben E. Keith Co. of Ark., d/b/a CMD–Keith Co. and Ben E. Keith Co.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

On September 2, 1986, plaintiff filed suit against defendants CMD Foods, Inc., Ben E. Keith Company of Arkansas d/b/a CMD–Keith Company, Ben E. Keith Company and Dick Garland for copyright infringement under 17 U.S.C. § 101 *et seq*, and pendent state law claims for, *inter alia,* breach of contract, unfair competition, and interference with contractual relations. Defendants have filed motions for summary judgment contending that because plaintiff failed to place the copyright notice on his drawings, he forfeited any copyright he might have had to his work.

## I.

### FACTS [1]

In September of 1984, plaintiff approached Dick Garland, then president of CMD Foods, Inc., with a business proposition to start a seafood brokerage company for the marketing of seafoods using a label plaintiff had designed. According to the verbal agreement, plaintiff was to share in the brokerage fees and profits as a principle in the business venture with Garland and CMD Foods. Plaintiff was also hired in October, 1984, by CMD Foods to work as a seafood buyer. Plaintiff contends that his employment with CMD was unrelated to his business agreement with Garland.

Around the time plaintiff began working for CMD, he supplied a commercial artist, Jensee Corbett, his drawing for the labels. Ms. Corbett produced camera ready negatives from the drawing and was paid by CMD foods for her work. In December, 1984, CMD Foods began using plaintiff's label in connection with the sale of seafood products. Plaintiff had no objections to CMD Foods using the labels pending the formation of the brokerage company.

Plaintiff worked for CMD Foods for about a year and two months. In January, 1986, Ben E. Keith Company purchased the assets from CMD Foods. Plaintiff continued with CMD–Keith Company for another thirty days. During the first year of plaintiff's employment with CMD, tens of thousands of boxes of seafood were distributed bearing the labels developed by plaintiff. After plaintiff ended his employment with defendants, CMD–Keith continued to distribute products bearing the labels developed by plaintiff.

Plaintiff claims he sought other employment when he realized that defendants had no intention of compensating him for the use of his labels or for the use of his marketing concept. In January of 1986, plaintiff notified, by telephone, the manufacturers who printed the boxes of the seafood products that the labels were in dispute. Plaintiff also notified the director

---

1. Because the Court declines to exercise its pendent jurisdiction, *see infra,* only those facts pertaining to plaintiff's claim of copyright infringement are presented.

of seafood marketing for Ben E. Keith Company that he was the owner of the labels and that Ben E. Keith should not use the labels. Plaintiff also admonished Dick Garland around February 7, 1986, not to publish or use the labels.

## II.

### DISCUSSION

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. Rule 56, Federal Rules of Civil Procedure. The non-moving party is entitled to the benefit of reasonable inferences.

Section 102(a) of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*, provides that "copyright protection subsists ... in original works of authorship fixed in any tangible medium of expression ... from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." Assuming, for the purposes of the motion for summary judgment, that the labels are works which fall within the meaning of the Act, then Section 401 requires that a notice of copyright be placed on all publicly distributed copies from which the work can be visually perceived. Section 401(b) specifies that the notice shall consist of three elements. Such notice is required to prevent dedication to the public domain of a work protected by a copyright. *Beacon Looms, Inc. v. S. Lichtenberg & Co., Inc.*, 552 F.Supp. 1305 (S.D.N.Y.1982). There is no dispute that none of the published labels in this case had the copyright symbol.

Under Section 405(a), omission of a copyright notice will not invalidate the copyright if:

(1) the notice has been omitted from no more than a relatively small number of copies ... distributed to the public; or

(2) registration for the work has been made before or is made within five years after the publication without notice, and a reasonable effort is made to add notice to all copies ... that are distributed to

the public in the United States after the omission has been discovered; or

(3) the notice has been omitted in violation of an express requirement in writing that, as a condition of the copyright owner's authorization of the public distribution of copies ... they bear the prescribed notice.

17 U.S.C. § 405(a).

Plaintiff admits that the third exception is not applicable in this case as he did not have any written requirement or agreement. However, if one of the other two exceptions apply, the copyright is not invalidated and the work is not released into the public domain. *See, Canfield v. Ponchatoula Times*, 759 F.2d 493 (5th Cir.1985).

Plaintiff contends that the first exception "may be" applicable and the second is "clearly applicable" to the facts of the case. The Court, however, is not persuaded that the first exception—subsection (a)(1)—applies. Plaintiff admits that none of the labels contained the copyright notice. Plaintiff also admits that tens of thousands of boxes were distributed, all bearing labels that did not have the copyright notice. Plaintiff has not presented any evidence to refute the fact that 100% of all labels distributed did not contain the notice. Thus, the savings provision of Section 405(a)(1), whereby omission of notice does not result in forfeiture if there is no more than a relatively small number of copies without notice distributed cannot apply here since 100% of the publicly distributed copies lacked notice. *See, Donald Frederick Evans v. Continental Homes*, 785 F.2d 897, 909 (11th Cir.1986).

The Court is also persuaded that the second exception is not applicable to the facts of this case. That section requires that copyright registration be obtained within five years after publication and that the copyright owner make a reasonable effort to add notice to all copies that are distributed to the public after the omission has been discovered. Plaintiff contends that he has applied for registration of his copyrights on all three labels. However, based on the pleadings, briefs, and other materials submitted by the parties, the

Court is persuaded that plaintiff did not meet the reasonable effort requirement because his efforts were both untimely and insufficient. Plaintiff asserts that he advised the manufacturers that printed the boxes that the "labels were in dispute." Nowhere does plaintiff contend that he made any effort to add a copyright notice to any of the copies that were distributed to the public. Mere notification to the manufacturers, by telephone, that the labels were in dispute along with an admonition to defendant not to use or publish the labels do not constitute "reasonable effort" under the Act. "Implicit in the concept of a 'reasonable effort' under § 405(a)(2) is the expectation that an expenditure of time and money over and above that required in the normal course of business will be made [to add notice]." *Videotronics, Inc. v. Bend Electronics,* 586 F.Supp. 478, 483 (D.Nev.1984). Here, plaintiff did not expend any amount of time or money to put a notice on the labels. He did not even bother to have any labels printed with the notice and he waited over a year after the labels were first published to tell the manufacturers that the labels were in dispute. The record is devoid of any proof that any attempt was made whatsoever to add notice. Thus, plaintiff does not qualify under the exception of § 405(a)(2). *See, Shapiro & Son Bedspread Corp. v. Royal Mills Assoc.,* 764 F.2d 69 (2nd Cir.1985); *Canfield v. Ponchatoula Times,* 759 F.2d 493 (5th Cir.1985); *Rachel v. Banana Republic, Inc.,* 228 USPQ 416 (N.D.Cal.1985).

In sum, no genuine issue of material fact exists and defendants are entitled to summary judgment on the copyright infringement claim. Plaintiff admits that the labels were published and distributed without the statutorily prescribed notice. He also admits that he did not make any effort to place any notice on the labels which were distributed to the public. Thus, any protection plaintiff might have had for the labels was forfeited by plaintiff's failure to give notice or to qualify under the Section 405(a) exceptions and therefore, the labels were dedicated to the public domain.

Remaining are plaintiff's tort and contract claims. The Court notes that it does not have an independent basis for jurisdiction for these common law state claims as the parties are not diverse. The Court, however, need not address the allegations raised in the pendent claims because in light of *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1968), the Court finds that the pendent claims should be dismissed without prejudice. *See also, Koke v. Stifel, Nicolaus & Co., Inc.,* 620 F.2d 1340 (8th Cir.1980).

Accordingly, defendants are granted summary judgment on the copyright infringement claim and that claim is dismissed with prejudice. The Court declines to exercise its pendent jurisdiction and the remaining claims in plaintiff's complaint are dismissed without prejudice.