**KLEIER ADVERTISING, INC., Plaintiff,**

v.

**NAEGELE OUTDOOR ADVERTISING, INC., Defendant.**

Civ. A. No. C 85–1067–L(A).

United States District Court,
W.D. Kentucky,
Louisville Division.

Dec. 18, 1987.

Jack A. Wheat, Robert, Miller & Thomas, Louiseville, Ky., for plaintiff.

M. Stephen Pitt, William Hollander, Wyatt, Tarrant & Combs, Louisiana, Ky., for defendant.

## MEMORANDUM AND ORDER

ALLEN, Senior District Judge.

This copyright infringement action is scheduled for jury trial on January 11, 1988. The matter is now before the Court on defendant's motion for summary judgment, and on plaintiff's motion for sanctions.

Defendant Naegele contends that the damages, if any, recoverable by plaintiff Kleier must exclude actual and statutory damages. The basis for Naegele's argument is that it was an "innocent infringer" within the meaning of 17 U.S.C. Sec. 405(b). That statutory subsection provides, in part, as follows:

> Any person who innocently infringes a copyright, in reliance upon an authorized copy ... from which the copyright notice has been omitted, incurs no liability for actual or statutory damages ... for any infringing acts committed before receiving actual notice that registration for the work has been made ... if such person proves that he or she was misled by the omission of notice.

Materials of record reflect Kleier's representation that it routinely placed copyright notification on its designs, but Kleier has not offered any testimony that the drawing provided to Naegele did bear copyright notice. Naegele contends that this circumstance means that Kleier has failed to create a dispute of fact regarding omission of notice. Kleier, on the other hand, points out that Naegele's witnesses have not testified that the drawing bore no copyright notice, but only that they do not recall seeing a notice.

While it represents a very close question, we are inclined to believe that the present state of the record does reflect a dispute of fact concerning omission of copyright notice. Nonetheless, for purposes of this motion, we will assume that the drawing provided by Kleier to Naegele did not bear a copyright notice. In all other respects, we take all facts and inferences in favor of Kleier, the non-movant.

Viewed from this standpoint, the following chronology appears. In March or April of 1983, Kleier provided Naegele with rough drawings of the design in question, and we assume those drawings did not bear a copyright notice. In August 1984, having learned of Naegele's unauthorized use of the design, Kleier notified Naegele that the design belonged to Kleier, and that its use constituted copyright infringement. Kleier obtained a copyright registration certificate bearing the date September 9, 1985. Naegele was not aware of the registration until November 19, 1985, when it was served with the present lawsuit. On approximately December 3, 1985, Naegele removed the last infringing work.

Naegele's argument is that it has presented evidence that it was misled by the omission of the copyright notice, and that it did not have "notice that registration for the work [had] been made" until November 19, 1985. No infringing work was erected after that date, and a short time later the last of the previously erected infringing work was removed. Accordingly, argues Naegele, it is an "innocent infringer" entitled to the protection of 17 U.S.C. Sec. 405(b). Distilled to its essence, Naegele's view of the law is that once a defendant has presented some evidence of having been initially misled by omission of copyright notice, that defendant is necessarily an innocent infringer until receipt of actual notice of formal registration.

Kleier's view of the statutory provision is somewhat different. Kleier contends that Naegele could not claim the status of an "innocent" infringer after being notified of Kleier's copyright claim, despite the fact that such notification occurred a year prior to formal registration. In support of this argument, Kleier has cited the Court to cases that have construed 17 U.S.C. Sec. 405(b) in conjunction with Sec. 405(a). Sec. 405(a) sets forth the circumstances in which omission of copyright notice "does not invalidate the copyright in a work." There appears to be no dispute that the design in question here falls within those circumstances. Kleier appears to argue that if its copyright could statutorily survive omission of copyright notice, then notice of that copyright, regardless of registration, must destroy Naegele's status as an "innocent infringer."

In *M. Kramer Mfg. Co., Inc. v. Andrews*, 783 F.2d 421 (4th Cir.1986), the court recognized that "innocence" of the defendants was a question of fact. Nonetheless, the court reversed the trial court's determination that defendants were innocent infringers, holding that such a conclusion was clearly erroneous in the presence of evidence that defendants knew plaintiff was claiming a copyright in the game. The appellate court noted, inter alia, that defendants had received a letter from plaintiff stating plaintiff's copyright claim. The court observed, at page 447:

> [W]e find it impossible to conclude that the defendants relied on the lack of notice to conclude that the work was in the public domain.... While it may be that the defendants believed that Kramer did not own a valid copyright ... the evidence is clear that they were not misled by the lack of proper copyright notice when they knew that various parties were claiming copyrights in the game.

In *Canfield v. Ponchatoula Times*, 759 F.2d 493 (5th Cir.1985), the court was primarily concerned with interpretation of the requirements of 17 U.S.C. Sec. 405(a). In the course of its analysis, the court noted the importance of reading sections (a) and (b) together in order to effectuate Congressional intent to encourage notice. The court observed, at pages 498–499, "A publisher who reprints an unnoticed work which falls within one of the 405(a) exceptions has the burden, under section 405(b), of proving good faith."

In *Wales Indus. Inc. v. Hasbro Bradley, Inc.*, 612 F.Supp. 510 (S.D.N.Y.1985), the court suggested that the question of whether an infringer is "innocent" is coterminous with the question of whether he acted with a good faith belief that the work was in the public domain. The court concluded that the infringer's "innocence" was a question of fact to be resolved at trial, since the infringer had received notification of the copyright claim. It is significant that the copyright was not recorded until after the litigation had begun; thus, the notification of the claim necessarily predated recording.

Similarly, in *Williams v. Arndt*, 626 F.Supp. 571 (D.Mass.1985), registration of copyright was obtained only ten days prior to the filing of the litigation. This was not a factor in the court's consideration of the "innocence" issue. The court noted that the infringer had received a letter from the copyright claimant's attorney advising him "to stop selling the program because it was [plaintiff's] property," and held that the defendant had failed to satisfy his burden of proof that he "acted in good faith or reasonably relied upon the absence of a copyright notice." The court showed no concern with the date of registration, but relied on the rationale behind the subsection, which is that one acting "in good faith and with no reason to think otherwise" should be able to assume that a work bearing no copyright notice is in the public domain. 1976 U.S.Code Cong. & Admin. News 5659, 5764.

■ 17 U.S.C. Sec. 408 clearly provides that registration is not required in order for a copyright to have validity. It seems clear that the overall thrust of the legislative scheme is to encourage copyright notice, not to punish copyright holders who fail to register their ownership. We cannot agree with Kleier that such a purpose would be furthered by withholding "inno-

cent infringer" status from anyone who fails to investigate or inquire before copying a work that appears to be in the public domain. On the other hand, we cannot agree with Naegele that such a purpose would be furthered by allowing "innocent infringer" status to be terminated only by formal registration.

As we read 17 U.S.C. Sec. 405(b), there are five elements to an "innocent infringer" defense. The party desiring this protection must show (1) innocent infringement (2) in reliance on (3) an authorized copy (4) which omitted the copyright notice, and (5) that the party was misled by the omission. We believe that Naegele's statutory analysis errs in rendering the first requirement a nullity, melding it seamlessly with elements (2) and (5).

On the present state of the record, we believe there is a genuine issue of fact as to whether Naegele's infringement was innocent, which we equate with having a good faith belief that the work was in the public domain. This dispute arises from such factors as the original source of the design, notification of Kleier's copyright claim, and the conflicting evidence regarding custom in the industry. The motion for partial summary judgment must be overruled.

Turning now to plaintiff's motion for sanctions, we note that Naegele contends vigorously that sanctions are inappropriate. The Court has already compared the information requested during the discovery process with both the information provided then and the information proposed for introduction at trial. In continuing the trial, we expressed our belief that Naegele had not properly complied with its duties as a litigant during discovery. We continue to believe that determination was correct.

The most extreme sanction would presumably have been that originally proposed, i.e., proceeding with trial and prohibiting the introduction of the new evidence. Instead, we agreed to continue the trial to allow defendant to use the evidence without unfair prejudice to plaintiff. As we explained at the time of the continuance, it is entirely appropriate that Naegele, having necessitated the continuance, should pay any additional expenses resulting from that continuance.

We will sustain the request for sanctions and will make an award after the conclusion of the trial. At that time we will expect Kleier to be in a position to present its itemization of additional fees and expenses attributable to the continuance of the trial.

Accordingly,

IT IS ORDERED that defendant's motion for partial summary judgment is overruled.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions is sustained.

IT IS FURTHER ORDERED that within ten days of the conclusion of the trial, plaintiff shall tender to the Court its request for fees and expenses attributable to the continuance of the trial.