NORMA RIBBON & TRIMMING, INC.,
Plaintiff–Counter Defendant–
Appellee,

v.

John D. LITTLE, et al., Defendants,

John D. Little and Lorianne Little,
Defendants–Counter Plaintiffs–
Appellants.

No. 94–60389.

United States Court of Appeals,
Fifth Circuit.

April 27, 1995.

**46**

M. Lloyd Seljos, McAllen, TX, for appellants.

J. Arnold Aguilar, Lisa M. Mount, Willette & Aguilar, Brownsville, TX, for appellee.

Before VAN GRAAFEILAND,* JOLLY and WIENER, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from a summary judgment in a copyright infringement action. The United States District Court for the Southern District of Texas (Vela, J.), concluding that counter-plaintiffs John D. Little and Lorianne Little could not establish ownership of valid copyrights, dismissed their infringement action against counter-defendant Norma Ribbon & Trimming, Inc. ("Nor-

ma Ribbon"). For the reasons that follow, we affirm.

At issue herein are asserted copyrights on ribbon flowers, artificial flowers made of twisted ribbon that may be attached as decoration to clothing and accessories. According to the uncontradicted testimony of the Littles' expert witness, ribbon flowers have been in existence for many years, possibly as early as the 18th century. Norma Ribbon has made and marketed them since the late 1940s. The Littles began manufacturing ribbon flowers in 1983.

Prior to 1984, ribbon flowers were manufactured by hand, by twisting a piece of ribbon into a floral design and sewing it together. In 1984, the spouse of an employee of the Littles developed a machine and a heat-seal process that reduced substantially the time required to produce each flower. This invention also permitted greater consistency in the manufacturing process. Flowers made using this invention were of consistently high quality, whereas flowers made by hand often were irregular and less attractive.

In April of 1985, the Littles entered into an agreement to produce ribbon flowers for Norma Ribbon. Meanwhile, the Littles applied for federal copyright registration and, effective May 1, 1986, were issued certificates of registration for the twelve designs which are the subject of this litigation. The Littles advised Norma Ribbon that these flowers were copyrighted and Norma Ribbon acknowledged in writing the copyrights' existence. For several years, Norma Ribbon provided the Littles with raw materials for the flowers, and the Littles produced the ribbon flowers under the agreement. However, in late 1987, Norma Ribbon rescinded the agreement without notice and began to import identical ribbon flowers from suppliers in Mexico. Norma Ribbon later established its own manufacturing facility in Mexico.

Early in 1988, John Little wrote to Norma Ribbon advising the company that it could no longer import or distribute the ribbon flowers on which the Littles held copyrights. Nevertheless, Norma Ribbon continued to do

---

* Senior Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

so. Therefore, in 1989, the Littles prompted customs agents to seize a shipment of the flowers as they crossed the border from Mexico into the United States by claiming that Norma Ribbon was importing the flowers in violation of the Littles' copyrights.

On October 23, 1989, Norma Ribbon brought suit against the Littles, alleging copyright invalidity and requesting injunctive relief against further seizures and the bringing of a copyright infringement action. The Littles counter-claimed for copyright infringement. On January 25, 1990, the district court found that the copyrights were invalid because the ribbon flowers lacked originality and issued a preliminary injunction in favor of Norma Ribbon. The injunction prohibited the Littles from taking any action to cause the Customs Service to seize future shipments of the flowers and also from instituting any infringement action against Norma Ribbon. In an unpublished decision, this Court upheld the district court's preliminary injunction against seizures of shipments, but remanded the case for trial on the merits of the copyright infringement claim. *Norma Ribbon & Trimming, Inc. v. Little,* 935 F.2d 1291 (5th Cir.1991) (table). On April 25, 1994, the district court granted summary judgment in favor of Norma Ribbon, holding as a matter of law that the ribbon flowers lacked the requisite originality for copyright protection. The Littles now appeal.

■ We review the district court's grant of summary judgment *de novo. Makedwde Publishing Co. v. Johnson,* 37 F.3d 180, 181 (5th Cir.1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A copyright infringement action requires the plaintiff to prove ownership of a valid copyright and copying by the defendant. *Lakedreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir.1991); *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.,* 878 F.2d 806, 810 (5th Cir.1989); *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 387 (5th Cir.1984). Ownership of a valid copyright is established by proving the originality and copyrightability of the material and compli-ance with the statutory formalities. *Allied Mktg.,* 878 F.2d at 810–11; *Apple Barrel,* 730 F.2d at 387. Copying generally is established by proving that the defendant had access to the copyrighted material and that there is a substantial similarity between the two works. *Allied Mktg.,* 878 F.2d at 810–11; *Apple Barrel,* 730 F.2d at 387 n. 3.

■ The Littles obtained copyright certificates of registration, which "constitute prima facie evidence of the validity of the copyright[s]." 17 U.S.C. § 410(c). However, certificates create only a rebuttable presumption that the copyrights are valid. *See Lakedreams,* 932 F.2d at 1108 n. 10 (citing *Durham Indus., Inc. v. Tomy Corp.,* 630 F.2d 905, 908 (2d Cir.1980)). Here, Norma Ribbon has rebutted that presumption.

■ In the first place, the ribbon flowers which are the subject of this action are not original. "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345, 111 S.Ct. 1282, 1287, 113 L.Ed.2d 358 (1991) (citing 1 M. Nimmer & D. Nimmer, *Copyright* §§ 2.01[A], [B] (1990)). Although it is undisputed that ribbon flowers were in existence long before the Littles entered the ribbon flower business, "a work may be protected by copyright even though it is based on ... something already in the public domain if the author, through his skill and effort, has contributed a distinguishable variation from the older works." *Donald v. Zack Meyer's T.V. Sales & Serv.,* 426 F.2d 1027, 1029 (5th Cir. 1970), *cert. denied,* 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 441 (1971). However, a "distinguishable variation" must be substantial and not merely trivial. *Id.* at 1030 (citing *Chamberlin v. Uris Sales Corp.,* 150 F.2d 512, 513 (2d Cir.1945)). In the present case, there was no such variation in the ribbon flowers that the Littles sought to copyright.

■ The Littles claim that their flowers are distinguishable from preexisting ones because they are of a higher quality, have greater symmetry and uniformity, and have

different height and petal shape. The proof is, however, these same flowers already existed in the public domain. The Littles duplicated Norma Ribbon's flowers exactly, using their employee's process. Although prior to the new process it may have been difficult to manufacture ribbon flowers of consistently high quality, there was nothing new in the design of the flowers themselves. The only thing original in the Littles' flowers was the manufacturing process, which is not copyrightable.[1] 17 U.S.C. § 102(b); *Feist*, 499 U.S. at 356, 111 S.Ct. at 1293. The district court correctly held that the Littles' copyrights in the ribbon flowers were invalid.

 Moreover, by failing to adhere to the statutory formalities—i.e., the copyright notice requirement—the Littles forfeited whatever copyrights they claim to have had in the ribbon flowers. Although since the Berne Convention Implementation Act of 1988, Pub.L. No. 100–568, 102 Stat. 2853, 2857 notice is no longer a prerequisite to copyright protection, *see* 17 U.S.C. § 401(a), the notice requirement remains in effect for works that predated that Act, *see* 17 U.S.C. § 405(a). The ribbon flowers in this case were distributed publicly before that Act and thus are subject to the notice requirement.

Norma Ribbon claims that the Littles did not meet this requirement. We agree. Two of the Littles' own experts testified that they never saw any copyright notice, and a third testified that she had seen it only on some of the packages in which the ribbon flowers were shipped in bulk. Norma Ribbon contends this was inadequate because notice must be affixed to each copy—i.e., to each individual flower. *See Charles Garnier, Paris v. Andin Int'l, Inc.*, 36 F.3d 1214, 1227 (1st Cir.1994); *see also* 37 C.F.R. § 201.20(i)(3) (permitting tag attached to each copy if size makes affixation of notice "extremely impracticable"). The Littles disagree, but cite no contrary authority.

 The Littles argue that the notice requirements should not be applied because of Norma Ribbon's actual knowledge of their copyright claims. However, innocence *vel non* is not a crucial issue when a copyright

has become invalid because of inadequate notice. *See Canfield v. Ponchatoula Times*, 759 F.2d 493, 498–99 (5th Cir.1985). Once "a work has passed into the public domain as a result of failure to provide notice of copyright, it may freely be copied." *Allied Mktg.*, 878 F.2d at 811. Therefore, even if it be assumed that the ribbon flowers were copyrightable, the Littles through inadequate notice have made them part of the public domain, and Norma Ribbon was free to copy them.

Because the Littles did not establish ownership of valid copyrights, they cannot prevail in their copyright infringement action.

AFFIRMED.

---

1. Although a process may be patentable, the instant process never was patented.