BRISCOE, Circuit Judge,
concurring:
I concur in the result because I agree with the majority that plaintiff failed to present sufficient evidence of its original contributions to the yellow-page advertisements at issue to allow us to properly analyze its copyright infringement claims. I write separately, however, because I disagree with several points made by the majority.
In section II of its opinion, the majority compares the directories as a whole. This comparison is irrelevant. Although plaintiff registered its directory as a single work, it has never claimed either that the entire work is original and eligible for protection or that the entire work was copied by defendant (in fact, plaintiff has not even submitted complete copies of either directory). See, e.g., Aplt’s App. I at 92 (“Plaintiff does not contend that Defendants copied its directory in its entirety.”). Rather, plaintiff has maintained certain original elements of its copyrighted work, i.e., individual advertisements contained in the work, were copied by defendant without authorization from plaintiff or the advertisers. Thus, the sole focus in this case should be on the individual yellow-page advertisements.
In section III of its opinion, the majority concludes the decision in Key Publications, Inc. v. Chinatown Today Publ’g Enters., Inc., 945 F.2d 509 (2d Cir.1991), “is the post-Feist decision most nearly like the case before us.” Although the majority’s conclusion may be correct, Key Publications is substantially different from the case at hand and, ultimately, of little assistance. The issue in *782 Key Publications was the copying of listings and headings from the yellow-page section of plaintiffs telephone directory. Contrary to the majority’s description, I do not agree that those business listings are “essentially like” the yellow-page advertisements at issue in our case. Unlike the business listings and headings in Key Publications, the advertisements at issue here are individually copyrightable. Thus, comparisons of the directories as a whole (or even the entire yellow-page sections as a whole) are unnecessary in our case because the unauthorized copying of a single copyrightable ad would constitute infringement.
In section IV of its opinion, the majority concludes 17 U.S.C. § 404(a) permits copying of ads from plaintiffs directory absent a copyright notice specific to each ad. I disagree. Prior to March 1, 1989, the Copyright Act required that each copy of a work distributed to the public be marked with a copyright notice. Failure to do so would inject the work into the public domain. The Copyright Act was amended by the Berne Convention Implementation Act of 1988, which became effective March 1, 1989. Under the Berne Convention, copyright notice is optional rather than mandatory; copyright notice is no longer a prerequisite to copyright protection. See 17 U.S.C. § 401(a); see also Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45 (5th Cir.1995). Thus, regardless of whether one places a copyright notice on his or her work, the work is fully and automatically protected under the Copyright Act from the moment it is fixed in some tangible form (assuming it is published after enactment of the Berne Convention). 17 U.S.C. § 102(a).
The key case relied upon in section IV of the majority’s opinion is Canfield v. Ponchatoula Times, 759 F.2d 493 (5th Cir.1985). In Canfield, a newspaper publisher filed a copyright infringement action against a rival newspaper publisher for reprinting an advertisement that plaintiffs employees designed and printed in one of plaintiffs newspapers. The Second Circuit ultimately concluded plaintiff could not protect its asserted copyright in the advertisement because it had failed to print a separate notice of copyright along with the advertisement. Although the opinion is useful for its holding that advertisements are copyrightable, 759 F.2d at 496, it is otherwise inapplicable because it was issued prior to adoption of the Berne Convention. Under today’s standards (i.e., those established by the Berne Convention amendments to the Copyright Act), a separate notice would not be required in order for the plaintiff to protect its advertisements.
The majority apparently reads § 404(a) to require separate copyright registration of any copyrightable advertisements created by the copyright owner of a collective work, but inserted on behalf of other persons. No court has ever decided this issue and I disagree that § 404(a) provides the definitive answer to the question. In analogous circumstances, several district courts have held registration of a collective work satisfies the requirements of § 411(a) for purposes of bringing an action for infringement of any of the constituent parts as long as the owner of the collective work also owns the constituent parts of the collective work. See Woods v. Universal City Studios, Inc., 920 F.Supp. 62, 64 (S.D.N.Y.1996)(“[W]here the owner of the copyright for a collective work also owns the copyrights for its constituent parts, registration of the collective work satisfies the requirements of Section 411(a) for purposes of bringing an action for infringement of any of the constituent parts.”); Greenwich Film Prod., S.A. v. DRG Records, Inc., 833 F.Supp. 248, 252 (S.D.N.Y.1993) (copyright registration for motion picture was sufficient to cover musical compositions contained in sound track of picture, even though musical compositions were prepared in advance of completion of film); Howard v. Sterchi, 725 F.Supp. 1572, 1575-76 (N.D.Ga.1989) (holding designer of log homes properly registered her purported copyrights in floor plans, as independent derivative works, by registering the plan books in which they were published). These cases are supported by the leading treatise on copyright law, which suggests separate copyright registration is not necessary where the author of a collective work is also the author of individual works contained therein. See 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16[B][2], at 7-169 to 7-170 (1996); see *783 also 37 C.F.R. § 202.3(b)(3) (allowing copyright claimant to register as a single work a published work containing “copyrightable elements that are otherwise recognizable as self-contained works”). Ultimately, any conclusion on this issue is dicta in light of plaintiffs failure of proof.
Finally, section TV of the majority opinion makes reference to the following statement in the contracts between plaintiff and its advertisers: “Advertiser assumes sole responsibility for the protection of its copyright in any writing, illustration, design, map, photograph, or combination thereof included in said item of advertising.” (Emphasis added.) Assuming, arguendo, that plaintiff made original contributions to the advertisements at issue, plaintiff would have been, at an absolute minimum, a joint author of those advertisements (along with those advertisers that also made original contributions to the advertisements), and would have had the right to assert its own interest in each advertisement, independent of what the advertiser chose to do.