**GUND, INC., Plaintiff,**

v.

**SWANK, INC., Defendant.**

**No. 87 Civ. 7094 (RWS).**

United States District Court, S.D. New York.

Nov. 18, 1987.

Gottlieb, Rackman & Reisman, P.C. (George Gottlieb, of counsel), New York City, for plaintiff.

McAulay, Fields, Fisher, Goldstein & Nissen, (Paul Fields, Roberta S. Bren, of counsel), New York City, for defendant.

## OPINION

SWEET, District Judge.

This is a copyright infringement case about two plush toy lions, one, *Roarry*, manufactured and sold by plaintiff Gund, Inc. ("Gund") and the other, unnamed, manufactured and distributed as a promotional item to accompany earrings sold by defendant Swank, Inc. ("Swank"). The hearing on the preliminary injunction sought by Gund was consolidated with the trial on the merits in accordance with Rule 65(a)(2), Fed.R.Civ.P. On the following findings and conclusions, judgment will be entered granting injunctive relief and damages.

### Prior Proceedings

This action alleging copyright infringement was commenced on October 2, 1987, and Gund, by order to show cause, sought a temporary restraint and preliminary injunction. Discovery on an expedited basis was directed, and the preliminary injunction, later consolidated with the trial on the merits, was commenced on October 13 and completed on October 19, 1987. An amended complaint was filed on October 15, 1987. Final submissions of proposed findings and conclusions made on October 22, 1987.

### Findings

Gund is a family-owned New Jersey corporation with offices at One Runyons Lane, Edison, New Jersey 08817. Since 1898 it has manufactured and sold high quality plush stuffed animal toys, such as lions, teddy bears and rabbits throughout the United States to department stores and specialty stores.

Swank is a Delaware corporation having offices at 90 Park Avenue, New York, New York 10016, which manufactures and sells small leather goods, fragrances, and jewelry under various trademarks including Swank, Pierre Cardin, Royal Copenhagen, Alexander Julian and Anne Klein. Swank advertises and promotes its goods through the written media and the offering of promotional gifts during the Christmas and Chanukah holiday seasons. Such promotional gifts have included key rings, lion logo pins and plush toys.

In 1979, Gund created and began to sell a *"Mugwumps"* assortment, Style No. 9071, consisting of a lion, a dog, and a koala bear. The *Mugwumps* lion was an original Gund design. Gund obtained Copyright Certificate VA 24–059, effective May 2, 1979 for its *Mugwumps* lion. The *Mugwumps* assortment, including the *Mugwumps* lion, always had a sewn-in label which carried a copyright notice, the Gund name and the year 1979. The *Mugwumps* assortment, including the *Mugwumps* lion, was sold in the years 1979, 1980, and 1981.

Purchasers of Gund's products preferred the *Mugwumps* lion of the three stuffed plush animals in the Style No. 9071 assortment. Gund's designers then decided to make this a separate item in the Gund line, to revise and reshape the body of the *Mugwumps* lion so that its head would stay erect, rather than tilting forward or backwards, to have the arms become more frontally oriented by having arms which were separate insertions into the body, to reshape the pattern pieces and to form a sole on each leg. The result was called *Roarry*. The *Roarry* lion was first shown at Toy Fair in February, 1982 and was first sold in 1982. It came in three sizes, 11″, 7″ and a very large display piece. The *Roarry* lions, too, carried a sewn-in label which includes the Gund name, a copyright notice and the year date 1979.

The *Roarry* lions have been shown or referred to in Gund catalogs from 1982 through 1987. Approximately 30,000 of these catalogs are distributed annually to Gund's customers. Gund intends to show these items in its 1988 catalog.

In March, 1983, Gund filed a copyright application to obtain a copyright certificate for *Roarry*. The year of completion stated in the application was 1979 and the date of first publication stated in the application was 1 February 1982. The application stated that no registration for the work or an earlier version of this work had been made in the Copyright Office, and no pre-existing materials were identified. This was returned to Gund by the Copyright Office with a notation that the year date was more than one year earlier than the date of publication. No registration number was placed by the Copyright Office on the certificate in the location provided for such number.

On April 8, 1986, Gund filed another application for *Roarry*. The year of completion stated in the application was still identified as 1979 and the date of first publication stated in the application was February 1, 1982. The application stated that no registration for this work, or an earlier version of this work had been made in the Copyright Office, and no pre-existing materials were identified. The application was accompanied by a letter stating that the year date of publication in the copyright application was correct. No attempt was made to change the alleged date of creation, and it was certified that the work was created in 1979. The registration issued as Registration No. VA 220–777, effective April 8, 1986.

On October 10, 1987, Gund, through its copyright counsel, filed in the Copyright Office a form CA which is utilized to correct or amplify prior registrations. This CA form makes the following corrections to the *Roarry* Copyright Certificate VA 220–777: (a) it changes the year of creation from 1979 to 1981, which is the correct year of creation of the *Roarry* lion; (b) it also changes the *Roarry* Certificate to state that there was a registration for an earlier version of the work, namely *Mugwumps*, which was the subject of Registration No. VA 24–059; (c) it adds the *Mugwumps* Style No. 9071 was the original version; and (d) it states that the material added in the *Roarry* version was "revised body shape and configuration."

*Roarry* has been the subject of Gund's cooperative advertising program with its retail store customers. It has been advertised, among other instances, by Lord & Taylor in the New York Times in 1984 and in the Saks Fifth Avenue 1983 Christmas catalog but not since. It also was advertised in the New Yorker, Seventeen and the Ladies' Home Journal. It appeared in Gund's 1984 and 1985 30–second television commercials which included approximately 20 animals as well as in advertising that

goes to the toy trade. It has not been advertised recently.

From 1982 to the present, the wholesale value of *Roarry* lion products sold by Gund has been in excess of $1,000,000. From 1982 to the present, more than 100,000 *Roarry* units, in all of its forms, have been sold. The present wholesale price of *Roarry*, Style No. 2700 is $5.50, and the wholesale price of the larger *Roarry*, Style No. 2705, is $11.00.

In about March of 1987, Diane Hutchinson, a fashion coordinator at Swank who joined Swank approximately nine months ago, called Gund at its showroom with the approval of Swank management in connection with a Swank Christmas 1987 promotion which would include a stuffed plush toy lion. It was proposed that Anne Klein earrings portraying a lion's head be accompanied by a small plush lion as a promotional gift. Swank had utilized plush toy products for its 1985 and 1986 promotions.

Diane Hutchinson, accompanied by Gene Greenberg, the Swank salesman who proposed the promotion, indicated to Gund that Swank was interested in purchasing some 100,000 to 200,000 *Roarrys*. *Roarry* was physically present during the meeting, on the table before the three people who were having this conversation, and a Gund catalog was also given to Ms. Hutchinson before she left. At the end of the meeting, Mary Jane Emmert, the Gund representative, undertook to determine the price at which Gund would offer *Roarry* to Swank for use in the promotion and get back to Swank.

Several weeks later, Emmert advised Hutchinson that Gund's price for *Roarry* would be in excess of $4.00. Since Hutchinson had indicated at the initial meeting that the budget for the promotion called for a toy costing in the neighborhood of $3.00, the discussions between the parties terminated.

Swank then contacted a number of manufacturers of plush toy animals, including Steven Smith/Stuffed Animals, Inc., a New York corporation ("Smith"). At the offices of Smith at 916 East 92nd Street, Brooklyn, New York 11236, on April 20 or thereabouts, Hutchinson requested sample toy lions which would sit on a counter, have outstretched arms and stand about six inches high. It was agreed that one of the samples would be similar to *Roarry*.

Smith then sent Hutchinson three samples, the first being similar to *Roarry*. Various revisions were made to the toy. At one point Hutchinson submitted photographs of real lions to Smith and requested that Smith change the face of the toy lion sample. The Smith lions were manufactured in Korea. Swank sought no legal advice in connection with its promotion and the use of the plush lion resembling *Roarry*. The initial *Roarry* is no longer in the possession of Smith, Hutchinson or Swank. The only significant changes in Swank's final production version from its original copy of *Roarry* is the addition of a white plush area on the muzzle or chin of the lion, but the Swank lion still closely simulates both the *Roarry* lion's head and body.

Swank purchased a total of 39,000 toy lions from Smith for $3.00 each which, when sold with the Anne Klein earrings, retail for $20.00. The earrings sell separately at retail for $18.00.

Swank issued a promotional brochure on the earring lion promotion in early May, 1987 and by July 27, 1987 Swank terminated the promotion because it was oversold. Approximately 39,000 units were manufactured by Smith and in September, 1987 delivered to Swank. These units have been distributed and are not identified on Swank's sales records by a particular category. To locate the units in the hands of retailers would require a review of all orders during the relevant period.

■ While Gund provided the pattern used for creating *Roarry*, Swank presented no evidence from the Korean manufacturer of its lion. Gund did, however, provide a comparison of its pattern with that created by taking apart the Swank lion. From the comparison of the patterns, the notches (the portions of the pattern used to assist in the sewing), the minor differentiations between the patterns, other than the addi-

tional fabric for the muzzle of the Swank lion, the absence of affirmative evidence of the origin of the Swank lion, the availability and disappearance of *Roarry* as a model for the Swank manufacturer, and the appearance, form and effect of the two lions, it is inferred that the Swank lion is a substantial copy of *Roarry,* not an identical copy, but a knock-off.

The Swank lion is of a lesser quality compared to *Roarry.* The sewing of the seams is not neatly done, is not even on each side, and there are no protective patches which would prevent the eye or nose pieces from coming out. The stuffing of the Swank lion is polyester, rather than "acrylic" as specified on its label. It is substantially less soft and cuddly.

The two lions compete, even though the Swank lion is a premium give-away. For example, the Swank lion is a premium available at Bloomingdale's jewelry department, while the Gund *Roarry* lion is sold in the "Gotta Getta Gund" shop or the toy department at Bloomingdale's. The sales of *Roarry* declined in 1986 but increased in 1987. Gund is selling significant quantities of the *Roarry* product at the present time and plans to continue that product in its 1988 catalog. There is, however, no direct evidence of lost *Roarry* sales attributable to the Swank promotion.

*Conclusions*

The court has proper venue and jurisdiction over the action and the parties. 28 U.S.C. 1338(a); 28 U.S.C. 1400(a).

Gund created an original work of art, namely a soft sculpture stuffed plush toy lion identified as *Roarry* Style No. 2705, which is also made in a smaller version identified as *Roarry* Style No. 2700. The *Roarry* lion is a derivative work. It includes the *Mugwump's* head and a new body shape and configuration, and it consists of material that is original with Gund and that is copyrightable under the copyright laws. *See* 17 U.S.C. § 101, 17 U.S.C. § 106(2). *Roarry* has been sold with notice of copyright affixed thereto, and Swank had complete access to *Roarry.*

The errors in Gund's Copyright Certificate VA 220–777, effective April 8, 1986, for the *Roarry* Style No. 2705 lion include an improper year of creation, 1981 rather than 1979, and a failure to refer to the *Roarry* lion as being a derivative work of the *Mugwumps* lion. The original work is the subject of a separate Gund copyright and is not in the public domain. Thus, the errors, committed without deceptive intent, are harmless and do not invalidate the copyright. *Iris Arc v. S.S. Sarna, Inc.,* 621 F.Supp. 916 (E.D.N.Y. 1985); *Uneeda Doll Co. v. Regent Baby Products Corp.,* 355 F.Supp. 438 (E.D.N.Y. 1972).

The copyright for the *Roarry* lion carries a presumption of validity, since it was registered effective April 8, 1986, which is within five years of its publication, February, 1982. 17 U.S.C. § 410(c). This presumption has not been overcome by Swank.

Gund, having established a probable case of infringement of its copyright, is entitled to enjoin any further use or promotion of the Swank lion. *Concord Fabrics Inc. v. Marcus Brothers Textile Corp.,* 409 F.2d 1315 (2d Cir.1969); *Houghton Mifflin Co. v. Stackpole Sons, Inc.,* 104 F.2d 306, 307 (2d Cir.1939).

Balancing the equities of the parties, including the need of Gund for protection, the one-time aspect of Swank's promotion, the difficulties presented by the recall requested by Gund during the Christmas season, and the availability of monetary damages, the request for a recall is denied.

Gund is entitled to costs, legal fees and its lost profits on the 39,000 units.

Settle judgment on notice.

IT IS SO ORDERED.