GREENWICH FILM PRODUCTIONS,
S.A., Plaintiff,

v.

DRG RECORDS, INC., DRG Music, a division of DRG Records, Inc., and Hugh Fordin, individually and d/b/a DRG Music, Defendants.

No. 91 Civ. 0546 (JSM).

United States District Court,
S.D. New York.

Sept. 3, 1993.

Keith S. Orenstein, Orenstein Musoff & Orenstein, P.C., for plaintiff.

Elizabeth McNicoll, Eisenberg Tanchum & Levy, for defendants.

## MEMORANDUM OPINION AND ORDER

MARTIN, District Judge.

Plaintiff Greenwich Film Productions, S.A. ("Greenwich") brings this action for breach of contract, copyright infringement, trademark infringement, and unfair competition.

## Background

In 1980 Greenwich began production of the film "DIVA" and contracted Vladimir Cosma ("Cosma") to compose music for the soundtrack. The film was released in France in 1981 and was an immediate success, both commercially and critically. At roughly the same time, a "single" was released from the soundtrack.

Hoping to duplicate the film's success outside of France, Greenwich began worldwide distribution of the film in 1982. At the same time, Greenwich entered into negotiations with defendant DRG Records, Inc. ("DRG Records") concerning distribution rights in the musical soundtrack. These negotiations resulted in a licensing agreement (the "License") granting DRG Records the exclusive right for a term of five years to manufacture and distribute the "DIVA" musical soundtrack. By its terms, this License expired on June 22, 1987. However, instead of surrendering the "master" to Greenwich as required by the terms of the License, DRG Records continued manufacturing and distributing "DIVA" recordings. Furthermore, DRG Records entered into agreements with third parties to further exploit the "DIVA" musical soundtrack.

In a Memorandum Opinion and Order issued September 18, 1992, which more fully sets forth the facts, this Court entered summary judgment against Greenwich on its claims for trademark infringement and unfair competition. However, the Court found that Greenwich had established that there was no genuine issue of material fact as to two of the three elements for a successful copyright infringement suit, ownership and unlawful copying. As to the former, although Greenwich's claim that it owned the copyrights because the musical compositions were "works for hire" was rejected, it was determined that Greenwich had obtained the copyrights to the musical compositions by a valid transfer in writing from Cosma. Thus the only deficiency preventing Greenwich from obtaining summary judgment on this claim was its failure properly to record the transfer of copyrights and to register its copyright claims prior to bringing suit as is required by law.[1] 17 U.S.C. §§ 205(d), 411(a). Accordingly, the Court denied Greenwich's motion for summary judgment on the claim for copyright infringement with leave to renew the motion upon completion of recordation and registration.

After filing a supplemental complaint alleging registration of the copyright claim in the movie "DIVA", Greenwich now renews its motion for summary judgment, claiming to have registered its copyright claims in the movie "DIVA" and the related sound recording and to have submitted appropriate documentation to the Copyright Office for recordation of the transfer of copyright in the musical compositions. Defendants, hereinafter collectively referred to as "DRG", argue that Greenwich does not deserve summary judgment because (1) copyrights in the underlying musical compositions have not been properly registered; (2) the transfer has not been properly recorded; and (3) the registration for the movie "DIVA" on which Greenwich relies incorrectly identifies the relationship under which the copyrights were obtained.

Greenwich has submitted the following documents, *inter alia*, in support of its renewed summary judgment motion. First, Greenwich has submitted copyright registration no. PA 536 953 in which it registered its copyright claims in the motion picture "DIVA". The certificate lists only one author, "Les Films Galaxie Greenwich Film Production,"[2] and designates its contribution as a "work made for hire." The certificate further asserts that the work was derived from a novel, and that material was added to make it into a motion picture. In addition, Greenwich presents copyright registration no. PA 609 316, a supplementary copyright registration referencing PA 536 953 which purports to "amplify" the copyright claim in the original registration by listing for inclusion seven musical compositions contained on

---

1. The Court did find, however, that one of the musical compositions at issue, otherwise known as a "single", had been injected into the public domain, and thus there was no claim for infringement of that composition.

2. As the Court noted in its previous opinion at n. 5, Les Films Galaxie is a corporate predecessor to Greenwich.

the soundtrack. Greenwich also submitted another application for supplementary registration referencing PA 536 953 in which the claim is "amplified" to include twelve musical compositions on the soundtrack; although that application was apparently sent to the Copyright Office accompanied by a cover latter dated May 28, 1993, there is no evidence that registration of it has been made.

Besides the registration for "DIVA" the motion picture, Greenwich has also submitted certificate no. SR 124 353 for registration of a sound recording consisting of the original motion picture soundtrack of the film, which sound recording was also entitled "DIVA".[3] The certificate indicates authorship in the nature of editing and remixing by Greenwich Film Productions, S.A. and asserts that the sound recording is a derivative work of the film.

As to recordation of the transfer, Greenwich submits a copy of a cover letter itemizing enclosures consisting of the transfer instruments, which cover letter was sent to the Copyright Office, and which copy was returned to Greenwich bearing stamps indicating that it was received by the "Document Section" on December 11, 1992.

*Discussion*

*Registration*

■ DRG contends that Greenwich has not yet obtained proper registration for the musical compositions contained in the movie soundtrack and the derivative sound recording, and thus cannot sue on those rights.

First of all, it is not clear that Greenwich need do more than establish registration for the sound recording itself. Greenwich has established that DRG was distributing copies of the "soundtrack" of "DIVA", which we understand to mean the sound recording derived from the audio portion of the motion picture. *See supra* n. 3. Greenwich's copyright claims in the sound recording have clearly been registered under certificate no. SR 124 353. Thus, it would seem that

Greenwich's registration obligations are satisfied if indeed it seeks only to claim infringement of copyright in that work. However, assuming for the sake of argument that Greenwich needs to establish separate infringement of the underlying musical compositions themselves, we proceed to consider whether they were properly registered.

Greenwich contends that the musical compositions have been registered by virtue of the registration of the motion picture in which they were contained. DRG argues that musical compositions must be separately registered, especially where, as here, the compositions were created by a different author.

There is a paucity of authority on this issue, but what exists indicates that the registration for the motion picture covers the musical compositions therein contained as well. We start with the words of the statute: "The Registrar of Copyrights is authorized to specify the administrative classes into which works are to be placed for purposes of deposit and registration. . . . The regulations may require or permit . . . a single registration for a group of related works." 17 U.S.C. § 408(c)(1).

37 C.F.R. § 202.3(b)(3)(i) reads in pertinent part: "For the purpose of registration on a single application and upon payment of a single registration fee, the following shall be considered a single work: . . . All copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication, and in which the copyright claimant is the same . . ." Thus, since Greenwich is the copyright claimant of the musical compositions as a result of the transfer from Cosma, it is entitled to register the compositions together with the film in a single application.

■ DRG contends that since the musical compositions were prepared in advance of the completion of the film, the film is in fact a derivative work of both the novel and the musical compositions, and thus the composi-

---

**3.** There has been some ambiguity throughout this litigation as to what exactly is meant by the word "soundtrack". The Court's understanding is that "soundtrack" can be used to refer either to the complete audio portion of a motion picture, that is, music, dialogue, effects, etc., or else to a separate sound recording derived from the audio portion containing musical selections from the motion picture.

tions cannot be registered by a certificate covering the derivative work. Even if we were to accept this construction of the facts, Greenwich's registration of the compositions is still valid. The authoritative work of Nimmer on Copyright has addressed this issue:

> Suppose that the allegedly infringed work is a derivative or collective work, and that the defendant copied from the derivative or collective work the preexisting work contained therein as well as the original material newly contributed to the derivative or collective work. Will a registration certificate relating to the derivative or collective work suffice to permit an infringement action based upon the defendant's infringement of the preexisting work, or is it necessary (as is possible) first to register separately the preexisting work even though the defendant copied such preexisting work from the derivative or collective work? On principle, plaintiffs ... would seem obligated to file a separate registration relating to the preexisting work, given that it is that copyright which has been infringed even though the defendant copied directly from the derivative or collective work. The copyright owner of a derivative or collective work does not *in such capacity* obtain copyright in any preexisting work even though he may be licensed to incorporate such material in the derivative or collective work. *The fact that the copyright owner of the derivative or collective work is not merely the licensee of the preexisting work but is himself the copyright owner therefore may alter this conclusion, and permit the registration only of the derivative or collective work in an infringement action of the type described above.* Such was the holding of at least one court, based upon the language of Section 3 of the 1909 Act. Although there is no comparable language in the current Act, such a rule would appear to be followed, and to be consistent with the current provision that for the purpose of computing statutory damages "all parts of a compilation or derivative work constitute one work." [Citing 17 U.S.C. § 504(c)(1) ]

2 Nimmer on Copyright § 7.16[B][2] (footnotes omitted; second emphasis added). Another commentator has noted that sound recordings can cover underlying musical compositions "[w]here the same copyright claimant is seeking to register not only the sound recording but also the musical, dramatic, or literary work embodied in the sound records," H. Henn, Copyright Law: A Practitioner's Guide 114 (2d ed. 1988), thus inviting the analogy to registration of these same underlying works by registering a motion picture which contains them in its audio portion.

In *Howard v. Sterchi*, 725 F.Supp. 1572 (N.D.Ga.1989), a case similar to the one at bar, plaintiffs contracted with defendants to permit defendants to reproduce plaintiffs' architectural drawings which were compiled in a "plan book" provided to defendants. After termination of the contract, defendants allegedly continued to reproduce the drawings. *Id.* at 1574. Although the architectural drawings had been created prior to the compilation of the plan book, and had not been separately and individually registered for copyright protection, the court ruled that the allegation of registration of the plan book satisfied the registration prerequisite for suit for infringement of the underlying designs. Ruling on what it noted was "a question of first impression, and one not specifically addressed in the Act," *id.* at 1575, and quoting the above excerpt from Nimmer on Copyright, *id.* at 1575 n. 7, the district court determined that although "a prudent author might obtain independent registrations for her derivative works in addition to a registration for the compilation containing them, [ ] such a requirement is not mandated by the Act," *id.* at 1576.

Likewise, in *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 775 F.Supp. 544 (E.D.N.Y.1991), *aff'd in part and vacated in part on other grounds*, 982 F.2d 693 (2d Cir.1992), Judge Pratt ruled that a registration certificate covered all constituent parts of a computer program as to which the copyright claimant could claim protection, even though the program had been derived from parts which had been previously created and distributed and had not specifically been the subjects of an individual registration. Because the plaintiff had been the owner of the copyright of the preexisting work, "the certificate of registra-

tion for [the derivative work] was sufficient compliance with the registration requirement of § 411(a)" to permit the plaintiff to maintain an action for infringement of the preexisting work. 775 F.Supp. at 556–57. This holding was neither addressed nor disturbed on appeal, wherein the Second Circuit termed Judge Pratt's opinion "comprehensive and scholarly." 982 F.2d at 697. *See also Rexnord, Inc. v. Modern Handling Sys., Inc.,* 379 F.Supp. 1190, 1198–99 (D.Del.1974) (registration for catalog sufficient for suit for infringement of preexisting works contained therein) (cited in Nimmer, *supra* ).

Therefore, in light of the fact that Greenwich is the owner of copyrights in the musical compositions contained on the soundtrack of the motion picture "DIVA", the registration certificate for "DIVA" is sufficient to cover the compositions as well. Cases cited by DRG to the contrary are clearly distinguishable. *See Burroughs v. Metro–Goldwyn–Mayer, Inc.,* 683 F.2d 610, 632 (2d Cir.1982) (registration for derivative work does not cover underlying work which was in the public domain and thus not copyrightable); *Morita v. Omni Publ. Int'l, Ltd.,* 741 F.Supp. 1107, 1111 (S.D.N.Y.1990) (registration of poster does not extend to sculpture depicted therein where registrant's ownership of copyright in sculpture not established, claimant specifically disclaimed copyright in preexisting material, and court noted that even if registration were established, infringed work differed from depicted sculpture), *vacated,* 760 F.Supp. 45 (1991).

■ The supplementary registration applications do not enlarge the scope of copyright protection impermissibly as DRG contends, *see* Memorandum of Law in Opposition pp. 6–7, but merely clarify certain of the subject matter which has been registered.

*Recordation*

■ There is no dispute that Greenwich has submitted documents to the Copyright Office in order to record the transfer of copyrights in the musical compositions from Cosma to it in accordance with this Court's previous opinion. However, DRG contends that the Copyright Act requires not merely submission, but actual recordation, before

suit may be brought on copyrights transferred. Greenwich replies that the Copyright Office's return of its cover letter with the described notation indicates that recordation has taken place, and that representatives of the Copyright Office have represented that due to a seven-month backlog in filings a certificate of recordation would not issue until August 1993 at the earliest.

17 U.S.C. § 205(d) provides in pertinent part: "No person claiming by virtue of a transfer to be an owner of copyright or of any exclusive action under a copyright is entitled to institute an infringement action under this title until the instrument of transfer under which such person claims has been recorded in the Copyright Office ..." Although what proof is required of recordation is not specified, § 205(b) provides that "[t]he Registrar of Copyrights shall, upon receipt of a document as provided by subsection (a) and of the fee provided by section 708, record the document and return it with a certificate of recordation." Since the evidence established only that the documents were received, and not that actual recording has in fact taken place, it would not be appropriate to find that the transfer has yet been recorded. *See Patch Factory, Inc. v. Broder,* 586 F.Supp. 132, 133–34 (N.D.Ga.1984) (proof of receipt of transfer filing insufficient to prove recordation); *cf.* 3 Nimmer on Copyright § 12.08 & n. 18 (noting that some courts, faced with failure to record a transfer, have permitted filing an amended complaint after such recordation, and noting specifically that "[t]his assumes that recordation has, in fact, occurred, and not merely that the relevant document has been received in the Copyright Office").

*Errors in Registration Certificate*

■ DRG contends that because registration certificate no. PA 536 953 incorrectly identifies the contributed material as a "work for hire" it cannot extend registration to the underlying compositions. Minor mistakes in a registration statement, made in good faith and unaccompanied by deceptive intent, will not serve to invalidate registration. *Gund, Inc. v. Swank, Inc.,* 673 F.Supp. 1233, 1273 (S.D.N.Y.1987).

*Remaining Issues*

The remaining issues raised by DRG merit only brief discussion.

DRG claims that to allow Greenwich to rely on registration no. PA 536 953 at this stage would be prejudicial, as DRG has had no notice that Greenwich was seeking to depend on this registration. DRG claims it would be prejudiced "since no discovery on a myriad of issues concerning the copyright in the motion picture has been afforded defendants, such as the compliance of this work with copyright notice requirements, the agreements relating to creation of the film, or plaintiff's relationship to the copyright registrant 'Les Films Galaxies Greenwich Films Production'." However, DRG has failed to demonstrate or explain how any issues relevant to the validity of the copyright on the underlying compositions are newly raised by the reference to the motion picture registration certificate; we note too that defendants' last contention was dealt with in the previous opinion.

In addition, defendants attempt to raise the issues of whether the entire musical soundtrack from "DIVA" has been injected into the public domain and whether Greenwich should be estopped from asserting its copyrights. These issues were fully addressed in the Court's prior opinion, and there is no reason to re-visit them. The previous rulings stand.

*Conclusion*

For the foregoing reasons, the Court will enter partial summary judgment on the issue of copyright infringement liability upon Greenwich's establishing that the transfer of copyrights has been duly recorded. This case is hereby set for conference on October 28, 1993 at 4:00 p.m.

SO ORDERED.