**RICHARD FEINER AND COMPANY, INC., Plaintiff–Appellee,**

v.

**TURNER ENTERTAINMENT CO., MGM/UA Home Video, Inc. and Time Warner, Inc., Defendants–Appellants.**

No. 585, Docket 96–7709.

United States Court of Appeals, Second Circuit.

Argued Sept. 11, 1996.

Decided Oct. 21, 1996.

David Dunn, New York City (Paul Sweeney, Davis, Scott, Weber & Edwards, P.C., of counsel), for Defendants–Appellants.

Gregory A. Sioris, New York City, for Plaintiff–Appellee.

Before: NEWMAN, Chief Judge, OAKES and KEARSE, Circuit Judges.

OAKES, Senior Circuit Judge:

Appellants challenge a preliminary injunction issued in a copyright infringement action brought in the United States District Court for the Southern District of New York, Richard J. Owen, *Judge.* We reverse the June 5, 1996, order and the opinion of May 14, 1996, insofar as they required the appellants to recall any infringing materials from distributors, and affirm the order to the extent that

it required Turner Entertainment Co. ("Turner") and the other defendants to continue to refrain from manufacture or sale of the allegedly infringing material.

The dispute concerns fifteen cinematic photoplays ("the silent shorts") by the classic comic duo, Stan Laurel and Oliver Hardy. The allegedly infringing material, "Laurel & Hardy's Laughing 20's," is a 90–minute movie, separately copyrighted by Metro–Goldwyn Mayer, Inc. ("MGM"), which includes 58 minutes of footage from the silent shorts.[1] The lower court had jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Our jurisdiction is based on 28 U.S.C. § 1292(a). We review the District Court's preliminary order for an abuse of discretion, which as we often reiterate "is not boundless and must be exercised within· the applicable rules of law or equity." *Blackwelder Furniture, Co. v. Seilig Mfg. Co.*, 550 F.2d 189, 193 (4th Cir. 1977), *quoted approvingly in* Henry J. Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747, 777 (1982). *See Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir.1990).

A series of agreements dating from 1956 through 1965 accomplished the following: Hal Roach Studios ("HRS"), then the owner of the silent shorts, granted Robert Youngson Productions, Inc. ("Youngson") permission to use the shorts as part of a full-length movie. (The film was later named "Laurel & Hardy's Laughing 20's"). Youngson acquired from HRS a use license for a term of 28 years and a right to renew the license for 7–year increments upon written notice and payment of $500 to HRS. Youngson then ceded ownership of "Laughing 20's" to MGM, and extended to MGM the right to renew the license for the shorts, provided that MGM notify both Youngson and HRS and pay HRS the $500 renewal fee. Turner, as the successor of MGM, claims the copyright to "Laughing 20's." Richard Feiner and Co., Inc., ("Feiner") holds, pursuant to a 1991 order from the United States District Court for the Central District of California, an exclusive license for the television and video rights to the shorts through December 31, 2001. *See RHI Entertainment, Inc. v. Richard Feiner and Co.*, CIV–84–6291. Feiner claims that Turner, by not giving notice and making payment of $500 to HRS, failed to properly renew its use license for the silent shorts, and thereby infringed Feiner's copyright license rights by continuing to distribute "Laughing 20's."

## DISCUSSION

To obtain a preliminary injunction in this Circuit, Feiner must demonstrate (a) irreparable harm, and (b) either (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them fair grounds for litigation and a balance of hardships tipping decidedly in its favor. *Polymer Technology Corp. v. Mimran*, 37 F.3d 74, 77–78 (2d Cir.1994) (trademark case); *Bourne Co. v. Tower Records, Inc.*, 976 F.2d 99, 101 (2d Cir.1992); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979) (*per curiam*). We focus exclusively on the first part of this test, because Turner has not challenged Judge Owen's finding that Feiner presented a strong case.

When a plaintiff establishes a *prima facie* case of copyright infringement, irreparable harm is presumed. *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 66 (2d Cir. 1996). The presumption may be rebutted, if the defendant is able to demonstrate that the plaintiff delayed in bringing an action requesting preliminary injunctive relief. *Bourne Co.*, 976 F.2d at 101; *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir.1985). An unreasonable delay suggests that the plaintiff may have acquiesced in the infringing activity, or that any harm suffered by the plaintiff is not so severe as to be "irreparable." Although delay for purposes of preliminary-injunction analysis may be similar to the equitable consideration of laches in shaping appropriate final relief, our refusal to approve the issuance of a preliminary injunction should *not* prevent a lower court from considering the full panoply of available remedies when it fashions permanent relief. *See Tough Traveler, Ltd. v. Out-*

---

1. Three other products, "Laurel & Hardy's Laughing 20's and The Devil's Brother," "Laurel & Hardy's Gift Set," and "Laurel & Hardy's Laughing 20's Gift Set Component," are also subject to the injunction. For convenience, we refer to only "Laughing 20's."

*bound Products,* 60 F.3d 964, 968 (2d Cir. 1995) (making the same point in reference to a Lanham Act case).

Turner argues that Feiner's delay makes an injunction improper. We agree in part. Turner allegedly botched the renewal of its license to use the shorts in June of 1993. Feiner did not discover Turner's error until January of 1995: some 18 months later. Turner also claims that the lower court erred in excusing Feiner's subsequent delay in commencing this action for a period of over a year after Feiner learned of the renewal problem.[2] Because we agree with Turner's first assertion, it is not necessary for us to consider the second period of delay.

This case differs from the usual one in which the plaintiff tries to explain its delay in seeking preliminary relief in a copyright case. Ordinarily, the plaintiff has not seen the infringing material and is, thus, unable to ascertain the extent of infringement. *See, e.g., Woods v. Universal City Studios,* 920 F.Supp. 62, 65 (S.D.N.Y.1996) (plaintiff first saw infringing film about a month after its release). Here, by contrast, the plaintiff long knew about the film "Laughing 20's," knew that it contained material from the fifteen shorts, and Richard Feiner, the president and sole owner of plaintiff, even testified that he had seen a copy of the defendant's use license, and knew of its expiration date and of the terms for its renewal. Feiner's only excuse for the long delay is that his company was ignorant of Turner's failure to do the very things Feiner knew Turner was required to do to renew the license. Yet, nothing prevented Feiner from contacting the appropriate party to obtain the information he lacked.

Ignorance of the legal status of a competitor's license may be, in some circumstances, a valid excuse for delay in seeking a copyright injunction. We note, however, that such a delay, unlike delay caused by ignorance of the very existence of the infringing material, is suggestive of a lack of irreparable harm. Having failed to investigate promptly the status of the license, Feiner is not convincing in its present claim that any further delay will cause irreversible harm. The length of its delay further underscores the weakness of Feiner's position. We hold that the lower court incorrectly excused this portion of Feiner's delay.

Appellants withdrew "Laughing 20's" from distribution on or about December 26, 1995, but did not recall copies of the movie. Turner challenges the portion of the injunction requiring it to contact the many thousands of wholesale and retail vendors of video films which may still have copies of "Laughing 20's" in stock, but does not seek this court's permission to recommence production and sale of the film. Accordingly, we address only the narrow question of the mandated recall of the movie, and not the broader issue whether injunctive relief is appropriate in these circumstances.[3] We leave the question of permanent relief for the lower court to decide in the first instance, should the plaintiff prevail at trial.

## CONCLUSION

Affirmed in part and reversed in part.

---

2. A year passed during which Feiner tried to contact Turner about the problem and may have tried to negotiate a solution. The record reveals that Turner was not particularly cooperative, and, in any event, a resolution was never reached.

3. Appellants called to our attention the decision of the Ninth Circuit Court of Appeals in *Abend v. MCA, Inc.,* 863 F.2d 1465 (1988), *aff'd on other grounds,* 495 U.S. 207, 110 S.Ct. 1750, 109 L.Ed.2d 184 (1990). *Abend* held that, when the infringing material is a separately-copyrighted, derivative work, an injunction is not always the proper remedy for infringement. *Abend,* 863 F.2d at 1478-80. *See also* 1 M. Nimmer, *Nim-*

*mer on Copyright,* § 3.07[A], 3-46 ("[*Abend*] may portend important developments in the jurisprudence of copyright permanent injunctions.") Because we resolved the issue in this appeal on other grounds, we did not reach this argument. Should Feiner prevail at trial, the district court will have to decide whether *Abend* counsels for damages rather than a permanent injunction in this case. *See also* James L. Oakes, *Copyrights and Copyremedies: Unfair Use and Injunctions,* 18 Hofstra L.Rev. 983, 996 (1990) ("Injunctive relief should remain a matter of informed discretion in the law of copyright infringement as it does in the law of nuisance, riparian rights, trespass, or other torts.").